1  THOMAS QUINN, L.L.P.
   Edwin B. Barnes (State Bar No. 295454)
2  219 9th Street, Second Floor
   San Francisco, CA 94103
3  Tel: (415) 546-6100
   Fax:   (415) 358-5868
4  ebarnes@thomasquinnlaw.com

5

6  Attorneys for Petitioner BRIAN MACKEY

7

8

9            UNITED STATES DISTRICT COURT FOR THE
10              SOUTHERN DISTRICT OF CALIFORNIA
11

| 12 | IN RE: COMPLAINT AND PETITION OF BRIAN MACKEY AS OWNER OF A CERTAIN 1990 TRIUMPH BOATS 150, 18 FOR EXONERATION FROM OR LIMTIATION OF LIABILITY | '23CV0337 JAH MSB<br><br>**COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |
|---|---|---|

18

19      Petitioner, BRIAN MACKEY ("Petitioner"), as owner of a 1990 TRIUMPH
20 BOATS 150, 18 ("Vessel") by and through his attorneys, Thomas Quinn, LLP
21 petitions for exoneration from or limitation of liability pursuant to 28 U.S.C. §
22 1333, 46 U.S.C. § 30505 and under Rule 9 (h) of the Federal Rules of Civil
23 Procedures and Rule F of the Supplemental Rules for Certain Admiralty and
24 Maritime Claims and Local Civil Rule F.1 for the United States District Court for
25 the Southern District of California and in support avers as follows.
26      1.      This is a case of admiralty and maritime jurisdiction under 28 U.S.C.
27 § 1333 and is filed pursuant to Rule 9 (h) of the Supplemental Rules for Certain
28 Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Venue is proper pursuant to Supplemental Admiralty Rule F (9) because the vessel is not in any district and no suit has been commenced in any district.

3. Petitioner, Brian Mackey, is a natural person who resides in El Cajon, San Diego County, California.

4. The Vessel is a 1990 TRIUMPH BOATS 150, 18, Hull Identification Number MFS00153D990, Vessel Number 5360RW.

5. At all times materials to this action, Petition was owner of the Vessel and a party entitled to petition for exoneration from or limitation of liability with the meaning of 46 U.S.C. § 30501 *et seq*.

6. Petitioner files herewith a Letter of Undertaking in the total sum of $3,000 in accordance with Rule F(1) and (7) in accordance with the $2,500 value and interest stipulation, and as Civil Local Rule F.1 requires $500 security for costs and further that the two be combined.

7. On May 21, 2022, while on navigable waters of the United States on the Colorado River, the Vessel, who was being operated solely by Petitioner for recreational purposes and which had no other passengers, was involved in an incident that led a to demand for compensation for the alleged wrongful death of H.N. [1]("Decedent").

8. On information and belief, Decedent was the sole occupant and operator of 2016 Bombadier, GTS, 11 ("Jetski") southbound on the Colorado River north of the I-10 overpass at speeds in excess of the legal limit, periodically looking backwards taking her vision off the front of the Jetski as she approached I-10 overpass coming around sharp bend in the Colorado River

9. Petitioner was the sole occupant and operator of the Vessel moving northbound on the Colorado River north of the I-10 overpass.

---

[1] On information and belief Decedent was a minor at the time of her death and accordingly her name has been redacted as required by law.

10. On information and belief, Decedent came around the bend at speeds in excess the legal limit while looking backwards and collided into Petitioner's Vessel.

11. On information and belief, Decedent died after being ejected from the vehicle during the collision.

12. On August 22, 2022, Veronica Daisy Carreno, mother of Decedent, though counsel at the Omega Law Group, PC notified Petitioner's insurance company, Progressive Direct Insurance Company of a potential claim for wrongful death as a result of the May 21, 2022 collision.

13. At all material times prior to and during the May 21, 2022 collision, Petitioner exercised due diligence to make and maintain the Vessel in all respects seaworthy and had neither privity or knowledge of any unseaworthy condition.

14. Any and all injuries and damages allegedly resulting from the May 21, 2022 collision were not caused by or attributable to any fault, design, neglect or want of due care on the part of Petitioner, or anyone for whom Petitioner may be responsible, and any and all such damage was occasioned and occurred without Petitioner's privity or knowledge.

15. Any and all damages, injuries, and losses resulting from the May 21, 2022 collision, were occasioned and incurred accidentally and or as the result the other causes, without contribution from Petitioner, warranting complete exoneration of Petitioner from liability.

16. When Decedent's vessel struck the Vessel, it caused the Vessel to capsize and float down the river.

17. The Vessel was forfeited to the salvors who recovered the Vessel.

18. On information and belief, post-casualty, the value of his interest in the Vessel was $1 (if not 0$, as the cost of storage, maintenance and repair far-exceeded the pre-casualty value of the vessel).

19. On information and belief, the damages asserted or which may in the future be asserted might exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

20. There was no freight pending which was due and payable to Petitioner at the time of the May 21, 2022 collision.

21. On information and belief, there are no suits pending against Petitioner or the Vessel or any other claims or demands to those which may arise by reason of the May 21, 2022 collision.

22. Petitioner denies and all liability for any loss, damage, or injury which may be claimed by and person or entity arising out the May 21, 2022 collision and therefore demands exoneration from liability.

23. In the alternative, Petitioner claims the benefit of limitation of liability as provided for in the Limitation of Liability Act, 46 U.S.C. § 30505.

24. Petitioner is prepared and willing to provide security for its interest in the Vessel, with interest at the rate of six percent (6%) per annum and for all costs, by depositing with the Court a bond or other security as may be ascertained and determined to be necessary under any orders of this District Court as provided by the laws of the United States, in Rule F of the Supplemental Rules of Civil Procedure as provided by 46 U.S.C. § 30501 *et seq*, the Federal Rules of Civil Procedure and Local Rules, Supplementary Admiralty Rule F and the rules and practice of this Court.

**PRAYER**

Petitioner prays:

a) If deemed necessary by the Court or at the reasonable request of any claimant, the Court cause due appraisement to be made of the value of the Vessel at the time of the May 21, 2022 collision.

1       b)    That the Court order Petitioner to file a Stipulation of Value with
2 surety pending any demand for appraisal of the value of the Vessel.

3       c)    That the Court enter an Order directing the issuance of a Monition to
4 all persons claiming alleged damages for any and all losses, damages, or injuries
5 occasioned or incurred as the result of the Incident, or occurring during the voyage
6 on which the Vessel was engaged, citing to them to appear before this Court and
7 make due proof of their claims, and also to appear and answer the allegations of
8 this Complaint according to law, or thereafter be barred from any such claims
9 against Petitioner, its agents, representatives, or any person on whose behalf
10 Petitioner may be liable or against the Vessel.

11       d)    That the Court enter an Order approving Petitioner's proposed Letter
12 of Undertaking (or security of value of Petitioner's interest in the Vessel), and that
13 the Court order such increases and decreases in security as the Court may from
14 time to time deem proper.

15       e)    That the Court issue an Order directing that an injunction shall issue
16 restraining the further prosecution of any and all suits, actions, and proceedings
17 which may have already begun to recover for alleged damages sustained as a result
18 of the May 21, 2022 collision and further enjoying the commencement or
19 prosecution of any suit, action, or legal proceeding of any nature against Petitioner,
20 his agents, his representatives, or any other person in respect to any claim or claims
21 arising out of the May 21, 2022 collision.

22       f)    that the Court Order:

23           i)    That Petitioner and the Vessel is not liable to any extent for any
24 loss, damage, or injury for any claim whatsoever in any way arising out of or in
25 consequence of the May 21, 2022 collision and, therefore, that the entitled to
26 exoneration from any and all liability which has been claimed against them as a
27 result of the Incident in question, or

28

1     ii)  If Petitioner is found liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of Petitioner's interest in the Vessel after the Incident, and that the money paid or secured be divided *pro rata* among such claimants as they may duly prove their claims before the Court according to the Limitation of Liability Act and Supplemental Rule F in accordance with priorities to which they may be legally entitled, and that a decree be entered discharging Petitioner and the Vessel from all further liability.

  g)  That Petitioner may have such other and further relief as the Court may deem just and proper at law and in equity.

DATED: February 19, 2023  Respectfully submitted,

            THOMAS QUINN, LLP

            By: */s/ Edwin B. Barnes*
               Edwin B. Barnes
               Attorneys for Petitioner