UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF BRIAN MACKEY AS OWNER OF A CERTAIN 1990 TRIUMPH BOATS 150, 18 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.:  3:23-cv-00337-JAH-MSB<br><br>**ORDER DENYING REQUESTS WITHOUT PREJUDICE**<br><br>**(ECF Nos. 2, 3, 4)** |

Petitioner Brian Mackey ("Petitioner") has filed a Complaint on February 21, 2023, pursuant to 46 U.S.C. § 30501 *et seq*., and Supplemental Admiralty Rule F, claiming the right to exoneration from, or limitation of liability for, all claims arising out of a claimed incident occurring on or about May 21, 2022, on the Colorado River north of the I-10 overpass involving a certain 1990 TRIUMPH BOATS 150, 18 involving H.N. ("Decedent")[1]. Petitioner was the owner of the Vessel involved in the May 21, 2022, incident. Petitioner also seeks a Monition, (ECF No. 2), and an *ad interim* stipulation of

---

[1] On information and belief Decedent was a minor at the time of her death and accordingly her name has been redacted as required by law.

the value of the vessel,[2] (ECF No. 3), and motion requesting an issuance of notice of filing for exoneration from or limitation of liability, (ECF No. 4). Petitioner has submitted three proposed orders without any accompanying motions or applications supporting his requests. As such, the Court is unable to determine the appropriateness of the requests. Accordingly, IT IS HEREBY ORDERED Petitioner's proposed orders are **denied without prejudice**.

      **IT IS SO ORDERED.**

DATED: March 16, 2023

                                                                         _____
                                                                        JOHN A. HOUSTON
                                                                        UNITED STATES DISTRICT JUDGE

---

[2]     Although security is required in order to commence a limitation of liability action, the Supreme Court has approved of alternatives to depositing the funds or transferring the vessel interest by allowing a plaintiff to stipulate to the value of the vessel. *See, e.g., Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218-19 (1927). The Ninth Circuit has held that a stipulation coupled with a letter of undertaking from an insurer is sufficient security. Petitioner's request regarding the stipulation of value does not include a letter of undertaking from Petitioner's insurer.