UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF BRIAN MACKEY AS OWNER OF A CERTAIN 1990 TRIUMPH BOATS 150, 18 FOR EXONERATION FROM OR LIMTIATION OF LIABILITY | Case No.: 3:23-cv-00337-JAH-MSB<br><br>**ORDER GRANTING MOTION FOR PERMANENT INJUNCTION**<br><br>**(ECF No. 10)** |

On February 21, 2023, Petitioner Brian Mackey ("Petitioner"), as owner of a 1990 TRIUMPH BOATS 150, 18 ("the Vessel"), commenced this action pursuant to 46 U.S.C. § 30501 *et seq*., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rule F"), for exoneration from, or limitation of liability for, all claims arising out of an incident occurring on or about May 21, 2022, in the Colorado River north of the I-10 involving H.N. ("Decedent").[1]  Petitioner was the owner of the Vessel involved in the May 21, 2022, incident. (Compl., ECF No. 1 at ¶¶ 1-8).

---

[1]   On information and belief Decedent was a minor at the time of her death and accordingly her name has been redacted as required by law.

On March 28, 2023, this Court entered an order issuing a Notice of Limitation of Liability Action ("the Notice") that "all persons asserting such claims for any and all losses, expenses, damages, injury and/or death arising from the events occurring on or about May 21, 2022, with respect to which the Complaint seeks limitations, must file them . . . on or before May 5, 2023 . . . A failure to file with the Court and/or serve Petitioner's attorneys . . . may subject any such claim to default and bar." (ECF No. 7 at 2). The order further directed for the Notice to be published in the Palo Verde Times, a newspaper in the Eastern District of California, for four successive weeks, and that copies of the Notice be mailed to "every person known to have made any claim against the vessel or the Petitioner arising out of the voyage or trip on which the claims sought to be limited[, and b]ecause this case involves a death, Petitioner shall also mail a copy of the above notice to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death." (*Id.* at 3). The Court enjoined and restrained the "the commencement and/or further prosecution of any and all other actions, suits and/or legal proceedings of any kind in any court arising out of or connected with the events occurring on or about May 21, 2022, involving Petitioner's vessel in the Colorado River north of the I-10 overpass involving a certain 1990 TRIUMPH BOATS 150, 18[.]" (ECF No. 8 at 2).

Petitioner mailed the Notice to the last known address for the Decedent via United States Postal Service certified mail. (Declaration of Edwin B. Barns, Esq., "Barnes Decl.", ECF No. 10-2 at ¶ 7). The Notice was also sent to the Omega Law Group, counsel for known potential claimants.[2] (*Id.* at ¶ 5). In addition, the Notice was published in the Palo Verde Times for four (4) consecutive weeks, commencing on April 5, 2023. (*Id.* at ¶¶ 4-5). As of the date of this Order, no claim, answer, or motion with respect to the Complaint

---

[2] According to the Complaint, the mother of Decedent, though counsel at the Omega Law Group, PC notified Petitioner's insurance company, Progressive Direct Insurance Company, of a potential claim for wrongful death as a result of the May 21, 2022 collision. (Compl. at ¶ 12).

has been filed or received in accordance with the Notice. Presently now before the Court is Petitioner's unopposed Ex Parte Application for Permanent Injunction Restraining Prosecution of Claims, seeking default judgment against all potential claimaints who have not filed a claim or otherwise made an appearance in this action, thereby barring all future claims against Petitioner and/or the Vessel arising out of the aforementioned incident. (ECF No. 10).

Supplemental Rule F delineates the procedure for a limitation action. Specifically, Supplemental Rule F(5) provides, in pertinent part:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Fed. R. Civ. P. Supplemental Rule F(5). Here, no claim has been filed to date to preserve any claimants right to recover. *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d 490, 494 (E.D. Va. 2013); *see also In re Beauvois*, No. 2:10-cv-480-FtM-36SPC, 2010 WL 5055833, at * 2 (M.D. Fla. Dec. 3, 2010) ("Courts have found that Supplemental Rule F(5) requires that a claim be filed first and prior or contemporaneously with an answer being filed. Simply filing an answer is not sufficient because a person who has not presented a claim for damages may not then answer the limitation claim and contest the allegations therein." (citing cases)). In light of Petitioner's compliance with the notice and publishing requirements set forth in the Notice in accordance with Supplemental Rule F, and any potential claimants failure to file a claim against Petitioner, the Court finds that default judgment is appropriate against all potential claimants. Accordingly, Petitioner's motion
///

is **granted**, and the Monition period is closed.  All future claims against Petitioner arising from the incident occurring on or about May 21, 2022 are henceforth barred. [3]

**IT IS SO ORDERED.**

DATED: July 11, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[3] Subject to any potentially relevant tolling provisions.  See 46 U.S.C. §§ 30505, et seq.