1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF BRIAN MACKEY AS OWNER OF A CERTAIN 1990 TRIUMPH BOATS 150, 18 FOR EXONERATION OR LIMITATION OF LIABILITY | Case No.:  3:23-cv-00337-JAH-MSB **ORDER:** **(1) GRANTING VANESSA CARRENO'S MOTION FOR RECONSIDERATION, (ECF No. 15);** **(2) DENYING VERONICA CARRENO'S MOTION FOR RECONSIDERATION, (ECF No. 16);** **(3) DENYING JAYCOB NUNGARAY'S MOTION FOR RECONSIDERATION, (ECF No. 17);** **(4) DENYING JUAN DAVID NUNGARAY'S MOTION FOR RECONSIDERATION, (ECF No. 18).** |

## I.    INTRODUCTION

On July 19, 2024, Vanessa Carreno, Veronica Carreno, Jaycob Nungaray, and Juan David Nungaray (collectively, "Movants") filed respective Motions for Reconsideration (ECF Nos. 15, 16, 17, 18, collectively, "Motions") seeking relief from the Court's Order Granting Petitioner's Motion for Permanent Injunction, which barred all future claims

pertaining to a maritime collision under the Limitation of Shipowner's Liability Act, (ECF No. 11), and from the subsequent Entry of Default, (ECF No. 12).  A Joint Motion for Extension of Time to file a response and reply was granted on September 3, 2024.  ECF No. 21.  Plaintiff-in-Limitation Brian Mackey ("Mackey" or "Petitioner" or "Plaintiff-in-Limitation") filed an omnibus Response in Opposition to the aforementioned Motions on September 13, 2024.  ECF No. 22 ("Opp'n").  Movants subsequently filed a consolidated Reply.  ECF No. 23 ("Reply").

## II.    BACKGROUND

On February 21, 2023, Mackey, as owner of a 1990 TRIUMPH BOATS 150, 18 ("Vessel"), commenced this action pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. 30501, *et seq.*, ("LOLA") and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rule F").  ECF No. 1 ("Compl.").  Mackey sought exoneration from, or limitation of liability for, all claims arising out of a collision that occurred on or about May 21, 2022, on navigable waters of the United States on the Colorado River north of the I-10 freeway.  *Id.*  H.N. ("Decedent")[1] was the sole occupant and operator of a jet ski that collided with Mackey's vessel, resulting in Decedent's death.  Opp'n at 6.[2]

On March 28, 2023, pursuant to Supplemental Admiralty Rule F(4), the Court ordered notice, or monition, be published in a local newspaper of general circulation (the Palo Verde Times) published in the City of Blythe for four consecutive weeks.  ECF No. 7 at 3.  The Court also ordered that notice be mailed to every person known to have made any claim against the Vessel or Mackey arising out of the collision, and that notice be

---

[1] On information and belief Decedent was a minor at the time of her death, her name has been redacted as required by law.

[2] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

1  mailed to Decedent's last known address and anyone known to have made a claim on
2  account of such death.  *Id*.

3  　　　Pursuant to the Court's order, Mackey published notice in the Palo Verde Times on
4  April 5, 12, 19, and 26 of 2023.  ECF No. 10-1 ("Application") at 2.  Mackey also sent
5  notice by Certified Mail to the Omega Law Group, which Mackey described as "counsel
6  for potential respondents."  *Id*.  Additionally, notice was sent to Decedent's last known
7  address, but USPS confirmed "the mail was not accepted."  *Id*. at 3.  Mackey waited until
8  June 30 to move for a permanent injunction, well-after the May 5 deadline the Court had
9  set for potential claimants to respond, and still there was no claim.  *Id*.  On July 11, 2023,
10 pursuant to LOLA and Supplemental Admiralty Rule F(5), the Court granted Mackey's
11 Application for a permanent injunction.  *See* ECF No. 11.  Shortly thereafter, the Clerk of
12 Court filed an Entry of Default on July 19, 2023.  *See* ECF No. 12.

13 　　　Exactly one year later, on July 19, 2024, Movants filed their Motions asking the
14 Court to reconsider its Order Granting Permanent Injunction and to set aside the Entry of
15 Default.  From the Movants' briefing, the Court learned Decedent's mother, Veronica
16 Carreno (hereinafter, "Veronica"), hired the Omega Law Group on June 22, 2022, to
17 represent her in bringing a claim for the wrongful death of her daughter.  ECF No. 16-1
18 ("Veronica Decl.") ¶ 2.  At some point during the representation, Mackey's insurer of the
19 Vessel presented a $300,000 policy limit to resolve Veronica's claim, along with any
20 claims from her other family members.  *Id.* ¶ 3.  Prior to executing a release of liability,
21 Mackey filed the instant action.  *Id.* ¶ 4.  However, Omega Law Group never provided
22 Veronica with a copy of the notice, nor informed or counseled her about the limitation
23 action.  *Id.* ¶¶ 5-9.  More than six months after the Court granted Mackey's Application
24 and the Entry of Default was made, the Omega Law Group sent Veronica a disengagement
25 letter on February 6, 2024.  *Id.* ¶ 11.  It was not until a later phone call with Mackey's
26 insurance adjuster that Veronica learned of the limitation action.  *Id.* ¶ 16.

27
28

1    Vanessa Carreno (hereinafter, "Vanessa") is the mother of Decedent's minor cousin,

2    M.A.[3]  ECF No. 15-1 ("Veronica Decl.") ¶ 1.  M.A. was riding a jet ski in close proximity

3    to her cousin when she witnessed the collision that resulted in her cousin's death.  *Id.* ¶¶

4    1-3.  Similarly, Decedent's brother, Jaycob Nungaray (hereinafter, "Jaycob"), was also

5    riding a jet ski near the collision.  ECF No. 17-1 ("Jaycob Decl.") ¶¶ 1-3.  Juan David

6    Nungaray (hereinafter, "Juan David") is Decedent's father.  ECF No. 18-1 ("Juan David

7    Decl.") ¶¶ 1-4.  Vanessa, Jaycob, and Juan David all claim they did not receive notice of

8    the limitation action.  *See* Vanessa Decl. ¶¶ 5-7; Jaycob Decl. ¶¶ 5-7; Juan David Decl. ¶¶

9    2-7.  After learning of the action and the Court's Order of Permanent Injunction barring

10   future prosecution against Mackey for this incident, Movants filed their respective

11   Motions, challenging the Injunction and the Entry of Default.

## III.  STANDING

13   As a threshold issue, Mackey asserts Movants lack standing to file their Motions

14   because they are not "parties" to the case.  Opp'n at 9.  Mackey argues the relief available

15   under Rule 60(b) is reserved for "parties" because its plain language instructs: "the court

16   may relieve *a party or its legal representative* from a final judgment, order, or

17   proceeding[.]"  Fed.R.Civ.P. 60(b) (emphasis added).  In support, Mackey highlights the

18   Ninth Circuit's holding from *In re Lovitt* that the plain language of Rule 60(b) provides its

19   mechanism for relief is only available to "parties."  757 F.2d 1035, 1040 (9th Cir. 1985)

20   (explaining "[b]ecause appellees were not parties to the *ex parte* proceedings …

21   Fed.R.Civ.P. 60(b) does not govern their motion to vacate the … court's order").  However,

22   *In re Lovitt* deals with a creditor filing a motion for reconsideration of an order vacating

23   the sale of certain assets to the creditor in a bankruptcy proceeding; it does not consider

24   Rule 60(b)'s application to potential claimants in a LOLA limitation action, who would

25   otherwise have no recourse.  *Id.* at 1037-38.

26   _____

27

28   [3] On information and belief M.A. was a minor at the time of the incident and the time her
pending motion was filed, M.A.'s name has been redacted as required by law.

Mackey also cites to *Texas Gulf Sulphur Co. v. Black Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963), to assert that "Supplemental Rule F (4) provides a singular remedy for late filed claims – the court may extend the time for filing claims only *so long as the limitation proceeding is pending and undetermined*." Opp'n at 14 (emphasis in original). Mackey contends Rules 55 and 60 contradict Supplemental Admiralty Rule F by extending the motion period beyond when the action is "pending and undetermined," and Rules 55 and 60 are unavailable to Movants because of the conflict. *Id.* However, in making this argument, Mackey ignores the far more recent Fifth Circuit holding in *In re Matter of GATX Third Aircraft Corp.*, 858 Fed.Appx. 692 (5th Cir. 2021) ("*GATX*"), where a Rule 60(b) motion challenging default judgment in a LOLA limitation action was upheld after a standing challenge.

In *GATX*, as here, the shipowner sought exoneration from or limitation of liability, and (after several parties came forward and their claims were settled) a joint order of dismissal was granted. *Id.* at 692-93. Three potential claimants—who failed to file claims during the monition period—attempted to file lawsuits after the order of dismissal, claiming they were entitled to direct notice pursuant to Supplemental Admiralty Rule F(4). *Id.* at 693. Eventually, the potential claimants filed a motion for relief from final judgment pursuant to Rule 60(b), but the shipowner (like Mackey) argued they lacked standing to bring such a motion because the potential claimants were not "parties" to the limitation action. *Id.* The Fifth Circuit reasoned:

> [B]ut for their delay, the Claimants could have been parties to the action. Importantly, they have a close connection to the underlying case and interests that are strongly affected by it. *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982) (finding that some parties are "sufficiently connected and identified with" an underlying suit "to entitle them to standing to invoke" Rule 60(b)). In this unusual situation, although the Claimants were not parties to the Limitation Action, we conclude they have standing to file the Rule 60(b) motion.

*GATX*, 858 Fed.Appx. at 693.  While the Ninth Circuit has yet to provide guidance as to what remedies are available for potential claimants who did not receive notice during the monition period of a LOLA action, district courts within the Circuit have heard motions challenging a final judgment from non-parties in similar cases under Rules 55 and 60.  *See, e.g.*, *Matter of Redondo Special, LLC*, 699 F.Supp.3d 893, 898 (C.D. Cal. 2023) (entertaining a motion under Rules 55 and 60 from a would-be claimant challenging the court's default judgment against all non-appearing parties in favor of the plaintiff-in-limitation); *Ellington v. LS Brianna Martin for, et al.*, 2023 WL 4237330, at *2-4 (D. Ariz. June 28, 2023) (same).  In light of district courts within the Ninth Circuit applying both Rules 55 and 60 in LOLA actions, the Court is persuaded the reasoning applied to Rule 60 in *GATX* is similarly applicable to Rule 55.

Were the Court to agree with Mackey that Movants have no standing to seek a remedy under Rules 55 and 60, individuals in Movants' position would have no recourse to challenge an improper default judgment.  Victoria and Juan David are Decedent's parents.  M.A. and Jaycob are related to Decedent and were present for the collision and her death.  Therefore, like in *GATX*, Movants here are "sufficiently connected and identified" with this action such that they are entitled to standing to seek relief from an Entry of Default under the remedies provided by the Federal Rules of Civil Procedure.  858 Fed.Appx. at 693.  Accordingly, the Court finds Movants have standing, and their Motions should be considered on the merits.

## IV.    LEGAL STANDARD

Under Rule 60(b), a district court may reconsider a final judgment if it finds: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief."  *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED.R.CIV.P. 60(b).  Rule 60(b)(4) expressly provides for relief from a final judgment when that judgment is void, though a judgment is only "void" when it "is premised either on a certain type of jurisdictional error or on a violation of due process

that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Rule 60(b) is "remedial in nature and … must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Specifically, when Rule 60(b) is used to challenge a default judgment, the court should consider that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* In other words, when the judgment is not based on the merits (such as a default judgment), "appropriate exercise of the district court's discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001).

The Ninth Circuit has held the same "good cause" standard that applies when default judgments are challenged under Rule 55(c) also applies under Rule 60(b). *Id.* The three factors employed to determine whether good cause exists to vacate a default judgment (commonly referred to as the "*Falk* factors") are: (1) whether the non-moving party will be prejudiced, (2) whether the moving party has a "meritorious" case, and (3) whether "culpable conduct" of the moving party led to the default. *Falk*, 739 F.2d at 463. This standard is disjunctive, and therefore, the district court may refuse to vacate a default judgment upon a finding of any one of these factors. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Finally, the moving party bears the burden of showing these factors favor setting aside the default. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

## V.    DISCUSSION

Movants ask the Court to reconsider its Order for Permanent Injunction and to set aside the Entry of Default, alleging they did not receive proper notice of the limitation action under the requirements set forth in LOLA and Supplemental Admiralty Rule F(4). Congress passed LOLA in 1851 to "encourage ship-building and to induce capitalists to

invest money in this branch of the industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446-47 (2001). LOLA seeks to accomplish this by providing "a concourse for the determination of liability arising out of marine casualties where asserted claims exceed the value of the vessel, so that there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966). As an incentive, LOLA provides a means for shipowners to "limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).[4]

After a plaintiff-in-limitation has met the LOLA requirements for limitation, "the district court will issue notice requiring all persons who have claims arising out of the same accident to assert them in the district court." *Matter of Willamette Jet Boat Excursions, LLC*, 638 F.Supp.3d 1209, 1211-12 (D. Or. 2022). The shipowner must then petition the court to issue a notice to "all persons asserting claims with respect to which the complaint seeks limitation," requiring them to file any claims before a date named on the notice, not to be less than 30 days after the issuance of the notice. Supplemental Admiralty Rule F(4). There are several requirements outlined for notice to be proper:

> The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the

---

[4] The Ninth Circuit has questioned LOLA's utility, colorfully referring to it as "a relic of an earlier era," "misshapen from the start," and "arthritic with age." *Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 239 (9th Cir. 1989) (observing, "[w]ith the availability of incorporation, insurance and other devices to protect shipowners against major disasters, the Liability Act seems oddly out of place in the modern economy"). Nevertheless, LOLA remains in effect, and it is up to Congress—not the Judiciary—to repeal or amend it. *See Martz v. Horazdovsky*, 33 F.4th 1157, 1166 (9th Cir. 2022).

decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supplemental Admiralty Rule F(4).  Notice should be sent to a claimant's attorney, or if the claimant does not have an attorney, to the claimant.  Supplemental Admiralty Rule F(6).  "Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, *whether they receive actual notice thereof or not*, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other[.]"  *Dowdell v. United States Dist. Court for the N. Dist. of California*, 139 F. 444, 446 (9th Cir. 1905) (internal quotation omitted) (emphasis added).  After the notice requirements have been satisfied and the date on the notice has elapsed, the plaintiff-in-limitation may move to "enjoin the further prosecution of any action or proceeding against the plaintiff's property with respect to any claim subject to limitation in the action."  Supplemental Admiralty Rule F(3).

**A. Statute of Limitations for Wrongful Death and Negligence Claims**

In considering whether the Injunction and Entry of Default were proper under LOLA, the Court first addresses the statute of limitations for Movants' potential claims, as it is dispositive of several motions in this case.  The Court looks for whether good cause exists when determining whether to exercise its discretion to vacate the Entry of Default. *TCI Grp. Life Ins. Plan*, 244 F.3d at 696.  It is Movants' burden to demonstrate good cause exists.  *Franchise Holding II, LLC*, 375 F.3d at 926.  The Court may refuse to vacate the Entry of Default upon a finding of any one of the *Falk* factors, including whether Movants have a meritorious case.  *Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091.

A California state law claim for the death of an individual caused by a wrongful act or negligence has a two-year statute of limitations.  CAL. CIV. PROC. CODE § 335.1. Similarly, negligent and intentional infliction of emotional distress claims are subject to the same two-year statute of limitations.  *Van Osten v. Home Depot USA, Inc.*, 2023 WL

8888636, at *2 (9th Cir. Dec. 26, 2023).  In most cases involving a death, the action will accrue on the date of the death.  *See Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994).  California does provide relief from the statute of limitations for individuals who are unaware of the wrongful death and its negligent cause under the delayed discovery rule.  *Id.*  However, Movants do not raise the delayed discovery rule as a defense, nor is there anything in the briefing to indicate it would apply.  To the contrary, Vanessa's minor child, M.A., and Jaycob were aware of the incident because they witnessed it firsthand.

### 1. Victoria's, Jaycob's, and Juan David's Potential Claims Are Time-Barred

In this case, the collision and Decedent's death occurred on May 21, 2022.  Opp'n at 6.  The two-year statute of limitations for a wrongful death claim against Mackey would then expire two years later on May 21, 2024.  Movants did not file their Motions in this case until July 19, 2024, nearly two months after the statute of limitations had expired.  *See* Motions.  While the Court does not purport actual knowledge of the statute of limitations is required for its expiration to bar a subsequent claim, it is notable Victoria admits to being advised of the statute of limitations by her counsel.  *See* Victoria Decl. ¶ 13 (explaining, "the Omega Law Group letter informed me that I had a two-year statute of limitations to pursue a claim for the death of my daughter").  Furthermore, while not claiming to be previously advised by Omega Law Group of the statute of limitations, Movants Vanessa, Jaycob, and Juan David all acknowledge its existence in nearly identical statements in their respective declarations.  *See* ECF No. 15-1 ("Vanessa Decl.") ¶ 9 ("Recently I found out that this Court issued a ruling that invalidated the two-year statute of limitations"); *see also* ECF No. 17-1 ("Jaycob Decl.") ¶ 9 (same); ECF No. 18-1 ("Juan David Decl.") ¶ 6 (same).

The Court finds Veronica, Jaycob, and Juan David have failed to meet their burden of demonstrating a meritorious case because they failed to take any action until after the statute of limitations had expired for their potential claims.  Indeed, it is disingenuous to suggest their alleged lack of notice of the limitation action amounts to good cause to set aside default when, in fact, no Movant attempted to file a claim before the statute of

limitations expired.  Accordingly, Veronica's Motion, Jaycob's Motion, and Juan David's Motion are **DENIED**.

### 2. Vanessa's Potential Claims on Behalf of a Minor Are Not Time-Barred

While, like the other Movants, Vanessa failed to take any action within two years of the incident, her Motion is distinct because she represents her minor child.  Under California law, when a person "entitled to bring an action" is under the age of majority, "the time of the disability is not part of the time limited for the commencement of the action." CAL. CIV. PROC. CODE § 352(a).  In other words, the statute of limitations does not start running until a minor reaches the age of majority, beginning the day after the minor's eighteenth birthday.  *See Shalabi v. City of Fontana*, 11 Cal.5th 842, 856 (2021). Therefore, while Vanessa has not attempted to file a claim on behalf of her minor child, the statute of limitations will not begin to run until that child reaches the age of majority. Therefore, Vanessa's Motion requires further consideration.

## B. The Merits of Vanessa's Case

The only cause of action specified by any Movant in the briefing is wrongful death. *See* ECF No. 16 ("Veronica's Mot.") at 1.  "A cause of action for wrongful death is a statutory claim that **compensates heirs of the decedent** for losses suffered as a result of a decedent's death." *Brumley v. FDCC California, Inc.*, 156 Cal.App.4th 312, 324 (2007) (emphasis added).  Because Decedent's parents are still alive, Vanessa's daughter is not Decedent's heir and cannot bring a wrongful death claim.  While Vanessa fails to specifically identify what other claims she plans to bring on behalf of her minor daughter, she alleges enough facts to demonstrate she may have a negligence claim.

California does not have an independent tort for negligent infliction of emotional distress, rather a bystander who witnesses injury to a loved one, and experiences emotional distress as a result, may sue under the traditional tort of negligence. *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992) (negligent infliction of emotional distress "is not an independent tort, but the tort of *negligence*).  A negligence action for infliction of emotional distress requires that the plaintiff:  "(1) is closely related to the injury victim; (2) is present

at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress." *Thing v. La Chusa*, 48 Cal.3d 644, 667-68. Vanessa alleges her minor daughter "was riding a jet ski … when she witnessed her cousin H.N. be struck and killed by a boat." Vanessa Decl. ¶¶ 1-3. Based on these facts, Vanessa may have a negligence claim against Mackey on behalf of her minor daughter. This having been demonstrated, the Court looks next to whether the Default Judgment barring Vanessa from bringing such a claim was proper.

## C. Default Judgment Against M.A. Was Improper Under Rule 55

Vanessa, on behalf of her minor child, M.A., argues the Default Judgment is void against M.A. under Rule 55(b)(2) because M.A. is a minor who was not represented by a general guardian, conservator, or fiduciary when default was entered. ECF No. 15 ("Vanessa's Motion") at 1-2.[5] Mackey argues "there is no indication of a lack of the Court's jurisdiction or a due process issue or that Mackey knew that Movants other than Veronica intended to file a claim." Opp'n at 11-12.

Rule 55(b)(2) provides: "[a] default judgment may be entered against a minor … only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Other districts within this Circuit have vacated or refused to enter default judgment against a minor in LOLA cases under Rule 55(b)(2). *See Ellington*, 2023 WL 4237330, at *4 (vacating default judgment against a minor, reasoning"[b]ecause an Entry of Default against minors is expressly prohibited under the Federal Rules before their guardian makes an appearance, this error affected Claimants' due process rights under the law"); *see also Matter of Seabreeze JetLev, LLC*, 2021 WL 7448618, at *5 (N.D. Cal. Nov. 22, 2021) (recommending plaintiff-in-limitation's request for default against a minor be

---

[5] Mackey argues Rule 55 does not "save" Vanessa's Motion because Vanessa (and her minor child) were not "parties" to this action. Opp'n at 10. The Court is not persuaded by this argument, as explained *supra* III.

1  denied because no guardian, representative, or fiduciary had appeared on the minor's

2  behalf).

3       Rule 60(b) vests authority in the Court to set aside a judgment if the judgment is

4  void.  A judgment is not void simply because it was erroneous, but only if the court lacked

5  jurisdiction or acted in a manner inconsistent with due process.  *In re Center Wholesale,*

6  *Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  If a judgment is void, "relief is not a

7  discretionary matter; it is mandatory."  *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.

8  1994).  Here, M.A. did not appear in this case and was not represented by a general

9  guardian, conservator, or fiduciary until after the Entry of Default.  Therefore, the judgment

10  was inconsistent with M.A.'s due process rights as it directly contradicts the procedural

11  safeguard established for minors in Rule 55(b)(2).  *See Ellington*, 2023 WL 4237330, at

12  *4.  Accordingly, under Rule 60(b)(4), the Court finds due process grounds exist to vacate

13  the Default Judgment as void.  Therefore, Vanessa's Motion for Reconsideration is

14  **GRANTED**.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

# VI.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1.  Vanessa Carreno's Motion for Reconsideration is hereby **GRANTED** (ECF No. 15), and the Court ORDERS:

    a.  The Permanent Injunction imposed by this Court on July 11, 2023, shall be lifted as to Vanessa Carreno's minor child, M.A.

    b.  The Clerk of Court is directed to amend the Default Judgment entered on July 19, 2023, to exclude Vanessa Carreno's minor child, M.A.

2.  Victoria Carreno's Motion for Reconsideration is **DENIED**.  ECF No. 16.

3.  Jaycob Nungaray's Motion for Reconsideration is **DENIED**.  ECF No. 17.

4.  Juan David Nungaray's Motion for Reconsideration is **DENIED**.  ECF No. 18.

**IT IS SO ORDERED.**

DATED: December 20, 2024

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE